UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID H. SMITH, ) | Case No.: 1:16 CV 1476 |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| Defendant ) | ORDER |

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Plaintiff David H. Smith ("Plaintiff" or "Smith"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge David A. Ruiz ("Magistrate Judge" or "Judge Ruiz") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff argued that the Administrative Law Judge's ("ALJ") decision, denying his applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.*, was not supported by substantial evidence because insufficient evidentiary weight was given to the opinion of Dr. William Fikter ("Dr. Fikter"), Smith's treating psychiatrist, and the testimony of a vocational expert that Plaintiff is not capable of performing a significant number of jobs in the national economy. The Commissioner sought final judgment upholding the decision below.

Judge Ruiz submitted his R & R (ECF No. 17) on February 24, 2017, concluding that the court should affirm the Commissioner's final decision. As to the first assignment of error, the Magistrate Judge concludes that the ALJ set forth "good reasons" for ascribing little weight to Dr. Fikter's opinion. First, Judge Ruiz finds that the ALJ could properly discount Dr. Fikter's opinion because it was the type of checklist opinion typically disfavored by courts for providing little to no explanation for the findings. (*Id.* at 21.) Moreover, the Magistrate Judge concludes that the ALJ provided several additional bases of support for his decision: (1) Dr. Fikter's course of treatment was not consistent with the severe limitations delineated in the opinion (*id.* at 21); (2) "Dr. Fikter's treatment records failed to note any objective abnormalities with respect to Smith's attention and concentration"(*id.*); and (3) Dr. Fikter's treatment notes did not evince an opinion that Smith was unable to work, should limit his work, or should refrain from working, despite the doctor's awareness that Plaintiff was then working. (*Id.* at 22.) Based on the ALJ's sufficiently thorough explanation for according little weight to Dr, Fikter's opinion, Judge Ruiz recommends that this court affirm this portion of the Commissioner's final decision. (*Id.* at 19, 22.)

The Magistrate Judge also concludes that the second assignment of error is without merit. (*Id.* at 27.) In his brief on the merits, Plaintiff asserted that, given the ALJ's residual functional capacity ("RFC") determination, there was not substantial evidence in the record to support a finding that he is capable of performing a significant number of jobs in the national economy. In his RFC finding, the ALJ found, in relevant part, that:

> Plaintiff's mental impairments limited him to "simple, routine tasks with no fast-paced work, no strict production quotas, only simple work instructions and decisions, and minimal or infrequent changes in the work setting; and limited to **occasional and superficial interaction with the public, coworkers, and supervisors**."

(*Id.* at 27) (quoting ECF No. 12, at 23). At a hearing on the matter, a vocational expert ("VE"), in

response to a hypothetical question from the ALJ incorporating these limitations and restrictions, initially identified a number of jobs Smith could perform. (*Id.* at 24.)

However, when cross-examined by Plaintiff's counsel regarding the conclusion of other experts that occasional and superficial interaction with supervisors in inconsistent with competitive employment, the VE, after initially expressing disagreement with that position, stated:

> So, it's superficial contact with a supervisor and, and other VE's say it's not possible. Well, okay, what I can say is that you can't control for it, that's all, you can't control for it. So, to be on the safe side you would rule it out.

(*Id.* at 25) (quoting ECF No. 12, at 64–65). After noting that Plaintiff's counsel had "a valid point," the ALJ propounded another hypothetical, eliminating the word "superficial" from the RFC. (*Id.* at 26.) The VE concluded that the previously identified jobs would remain. (*Id.*)

Plaintiff's interpretation of the VE's testimony was that, after questioning by counsel, she changed her position and concluded that the previously identified jobs were, in fact, incompatible with Smith's limitation to superficial contact with supervisors. Judge Ruiz disagrees. He notes that, while this is not an implausible interpretation, the more reasonable one is that the VE was simply addressing her understanding of position of the other experts referenced by counsel. (*Id.*) In light of the VE's prior statements where she clearly indicated disagreement with this position, the Magistrate Judge reasons that he cannot find that the ALJ erred in continuing to credit the VE's testimony that Smith could perform a significant number of jobs, notwithstanding his limitation. (*Id.*) Additionally, Judge Ruiz noted that the VE's response to the last hypothetical, indicating that Smith could perform the previously identified jobs without inclusion of the term superficial, undermines Plaintiff's position. (*Id.* at 27.) As Judge Ruiz explains, "[e]ven if the ALJ had intended to omit the term 'superficial' from the RFC finding but inadvertently failed to do so, any ensuing error is rendered harmless by the VE's testimony in response to the third hypothetical, as that

testimony would constitute substantial evidence on which the ALJ could reasonably rely." (*Id.*) Thus, Judge Ruiz also recommends that this court affirm this portion of the Commissioner's final decision. (*Id.*)

Plaintiff filed Objections to Report and Recommendation (ECF No. 18) on March 6, 2017. Smith takes issue with the second of the Magistrate Judge's conclusions— that there was substantial evidence in the record to support a finding that Plaintiff is capable of performing a significant number of jobs in the national economy. According to Smith, Judge Ruiz mistakenly concludes that an omission of the term "superficial" would be harmless error based on the VE's response to the last hypothetical. (*Id.* at 2.) Rather, to find that this was not a necessary limitation, the ALJ would "have to provide an explanation, supported by evidence of record, as to why this limitation was omitted." (*Id.*) Because the ALJ did not do so, Smith argues that the record does not support a finding that he can perform a significant number of jobs in the national economy. (*Id.*)

However, Plaintiff's argument proceeds from the assumption that the sole interpretation of the VE's testimony is that the limitation to superficial contact eliminates all jobs where supervision is necessary. Smith fails to address the first, and more persuasive, basis for the Magistrate Judge's determination—that "the most compelling interpretation" is not that the VE was merely acknowledging that it was not implausible for her colleagues to hold such a position, "to be on the safe side." Thus, the ALJ did not err in relying on her prior, explicit testimony that a person limited to occasional and *superficial interaction* with the public, coworkers, and supervisors could still perform a significant number of jobs in the national economy. And, the fact that the ALJ did not remove the term "superficial" from his findings supports this conclusion.

Accordingly, the court finds, after careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, that Judge Ruiz's conclusions are fully supported by

-4-

the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's R & R (ECF No. 17).  The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 12, 2017